**In the Interest of D.S., A Minor Child,**

**Appeal of D.S., Father.**

No. 88–1080.

Court of Appeals of Iowa.

Jan. 26, 1989.

Michael D. Holt of Barker, McNeal, Wiese & Holt, Iowa Falls, for appellant father.

Robert H. Muhlenbruch of McGreevy Law Firm, Ackley, for appellee mother.

James L. Beres, Hardin County Atty., for appellee State.

Gordon D. Greta of Greta & Greta, Eldora, guardian ad litem, for appellee child.

Heard by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

SCHLEGEL, Presiding Judge.

Darrell, natural father of a child, Darla, appeals a district court order returning the child to Janice, the natural mother. He argues that the evidence is insufficient to establish that placement in Janice's home is the best disposition. He also challenges the court's requirement that Darla is not to have any contact with Darrell's fiancee during the child's visitation with him.

 This case arises out of a child-in-need-of-assistance (CINA) proceeding in juvenile court pursuant to Iowa Code section 232.2(6) (1987). Appellate review of an order entered after a review hearing in a

CINA proceeding is de novo. *In Interest of Blackledge*, 304 N.W.2d 209, 210 (Iowa 1981). While we give weight to the juvenile court's findings of fact, we are not bound by them. Iowa R.App.P. 14(f)(7); *In Interest of S.V.*, 395 N.W.2d 666, 668 (Iowa App.1986). As always in our consideration of these matters, the welfare and best interests of the child are paramount. *In re Henderson*, 199 N.W.2d 111, 120 (Iowa 1972).

The child in question is a girl born in July 1977. When her parents separated in 1985, she lived with her mother. In July 1987, the State instituted CINA proceedings due to allegations that Darla had been sexually abused by her older half-brother Lynn, the mother's child from an earlier marriage. After an initial temporary placement with the father, Darla was placed in foster care.

In January 1988, Darla was adjudicated to be a child in need of assistance and temporary custody of Darla was transferred to the Department of Human Services for foster care placement. In June 1988, a review hearing was held. Pursuant to Iowa Code section 232.101 (1987), the court ordered that Darla be returned to the custody of her mother, subject to the following conditions:

1. The child shall remain under the protective supervision of the DHS.

2. The mother and child shall continue to accept and cooperate with individual and/or family counseling through Mark Smith, Mental Health Center of Mid–Iowa, Marshalltown, Iowa, or such other facility as deemed appropriate and arranged by the child's case worker.

3. The mother, [Janice], shall ensure the Court that at no time shall the child [Darla] and the perpetrator, [Lynn], be together unless supervised by the mother or another responsible adult.

4. At no time shall the child and either parent discuss or attempt in any other matter to deal with the issue of the sexual abuse of the child other than under the supervision of or during a session with Mr. Smith or another health care professional.

5. The child's father, [Darrell], shall have liberal visitation with the child [Darla].

■ On appeal, Darrell contends that Janice failed to carry her burden of proof that Darla would not suffer harm if returned to her home. When a parent seeks return of a child removed as the result of a CINA adjudication, the parent has the burden of proving by a preponderance of evidence that the child will not suffer harm if returned to the home. *Interest of Welcher*, 243 N.W.2d 841, 844 (Iowa 1976). The harm which must be negated is specified in Iowa Code section 232.2(6). It consists of the grounds for adjudicating a child to be in need of assistance. Ordinarily the relevant grounds in the review hearing will be those on which the adjudication was based. *Interest of Blackledge*, 304 N.W.2d 209, 214 (Iowa 1981).

■ Our review of the evidence convinces us that Janice has met her burden of proof. Lynn, the perpetrator of the sexual abuse upon Darla, has been removed from Janice's home, and his visits have been strictly limited by the court. Although Mark Smith, the child's therapist, expressed some concern about Janice's original hesitancy in accepting the fact that her son abused her daughter and therefore had difficulty in aggressively dealing with Darla's emotional state, we are persuaded from the progress reports that Janice has come to terms with the incident and is genuinely concerned with her daughter's welfare. Smith testified that there has been a significant amount of progress made and recommended that counseling continue for up to one year upon Darla's return home. Janice indicated in court that she is quite willing to continue the counseling. We agree with the trial court that "[t]he Court can never be 100 percent sure that the child will not face some risk if returned to a home, [b]ut the risk involved in returning this child to the mother's home at this point in time does not reach the level necessary for continued out-of-home placement."

■ Darrell further contends that the trial court erred in excluding his fiancee,

[Jane] from visitation. We disagree. The evidence indicates that Darla dislikes Jane and that problems had occurred on past visitations in which Jane was involved. Under the circumstances, we believe the court's restrictions were justified.

The juvenile court's order is affirmed.

AFFIRMED.