In the Interest of A.W., A Child,

C.W., Mother, and State of Iowa, Appellants.

No. 89–1699.

Court of Appeals of Iowa.

Oct. 23, 1990.

**476**

Lawrence S. Jones of Cambridge, Feilmeyer, Landsness, Chase & Jones, Atlantic, for appellant mother.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Judy Sheirbon, Asst. Atty. Gen., for appellant State.

John M. Trewet and James W. Mailander of Howard, Rutherford & Mailander, Atlantic, for appellee father.

W. Edward Anstey, guardian ad litem.

Heard by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

This is an appeal by the State and a mother from an order dismissing a child in need of assistance proceeding. We modify the trial court order. We determine the child in need of assistance proceedings should not have been dismissed. We find the child should remain a child in need of assistance. We remand with directions.

The child's parents' marriage was dissolved and custody was given to appellee father. The mother was given extensive visitation. Facts surfaced showing the child had been sexually abused. An application for temporary removal from the father's care was filed and the parents agreed to placement in foster care. Ultimately, the State filed a petition to have the child found to be a child in need of assistance. The parents agreed the child had been sexually abused. In March of 1989, the trial court found the child to be a child in need of assistance and made the following finding:

> All parties concur that the evidence contained in the Department of Human Services reports previously submitted to the Court, and in the depositions ... indicate by clear and convincing evidence that the child has been the victim of sexual abuse, however, it is not sufficiently specific to identify the perpetrator of said sexual abuse; that the medical and mental health professionals indicate that 'most probably the perpetrator was the father,' however, this does not satisfy the clear and convincing standard, and further there are indications that there is a possibility that it was the step-grandfather [1] that was the perpetrator....

With the parents' agreement, a dispositional order was entered on the same day providing for services, including the continuation of foster care. No appeal was taken from these orders.

On September 6, 1989, the matter came on for review, and the trial court entered the order from which this appeal was taken. The order provided in part:

> Sherry Toelle, Iowa Department of Human Services ... testified ... it would be therapeutic for him (the natural father) to admit that he did sexually abuse the child. Sherry Toelle testified that despite the Court's not finding sufficient evidence to name the father as the founded sexual abuse finding him to be the perpetrator, they had to consider him to be the perpetrator.... It is apparent to the Court that despite the Court's finding ... the Department of Human Services as well as the therapists for the minor child have concluded that the natural father is the perpetrator of the sexual abuse upon the minor child. Indeed, for the past six months their only purpose in therapy is to get him to 'admit' that he is the perpetrator. The essence of the report and their testimony is that once he 'admits' that he is the perpetrator, then they can begin to therapeutically assist him. However, it is apparent to the Court that the natural father is not going to 'admit' that he is the sexual perpetrator and, indeed, the Court has previously found that there is not clear and convincing evidence that he is the perpetrator. It is equally evident to the Court that this matter will never be concluded if allowed to continue because the natural father is never going to 'admit,' nor is

---

1. The step-grandfather is on the mother's side.

the finding going to be changed. Indeed, the Court does not believe that there is any factual basis for the adjudication based on the findings of the Court's Order dated March 28, 1989. ... Given the tainted child abuse investigation that obviously occurred herein, the Court does not believe that the Court can give credence to the child's statements in that regard as well. There being no factual basis for an adjudication herein, the Court must dismiss the adjudication herein as improvidentially granted and order the Petition be dismissed.

The State appeals from this order contending (1) the trial court should not have reversed the original adjudication order, and (2) the child in need of assistance proceedings should not have been dismissed. The mother appeals contending the court should have found the father sexually abused the child.

■ The issue of whether the child was sexually abused had been adjudicated in the March 1989 order. The adjudication order standing alone was not a final appealable order. *See In re Long*, 313 N.W.2d 473, 477 (Iowa 1981). However, when the dispositional order was entered, the order became final. *See Long*, 313 N.W.2d at 477. No appeal was taken from the entry of the dispositional order. Therefore, the issue had been litigated. The review hearing from which this appeal was taken is not a hearing to readjudicate the original grounds for finding the child was a child in need of assistance; rather it is a hearing to consider changed circumstances which may warrant returning the child to his or her parent. *See In re Welcher*, 243 N.W.2d 841, 844 (Iowa 1976).

To the extent, if any, the trial court's September 6, 1989, order reversed the adjudication order, we modify the June 6, 1989 order. Having adopted the State's argument on this issue, we do not consider the mother's claim the court should have found the father was the perpetrator of the abuse. The issue of the identity of the perpetrator of the abuse was also adjudicated in the March 1989 order which we

have determined was a final order and from which no appeal was taken.

The next issue is whether the trial court should have dismissed the child in need of assistance proceeding or whether the child should remain a child in need of assistance. The State argues the trial court should not have dismissed the proceedings. The father argues the trial court should have. We determined it was appropriate to ask the attorney for the child to file a brief. The attorney for the child contends the action of the juvenile court in returning the child to her father should be affirmed.

We agree with the State that the child should remain a child in need of assistance. We review the facts de novo. *In re Blackledge*, 304 N.W.2d 209, 210 (Iowa 1981). For the proceeding to be dismissed, the parents must show that no harm will come to the child as a result of the dismissal. *See In re D.S.*, 437 N.W.2d 587, 588 (Iowa App.1989).

There remains in this family serious conflict that affects the child, and even though this child may not need to remain in foster care, return to a parental home should not be made unless there are provisions for supervision and further counseling. However, we also share the trial court's and the attorney for the child's concern about the time this case has remained in the system while the child has lived in a series of foster homes and attended two different schools with no progress having been made toward returning her home. The attorney for the child has serious questions about the mother caring for the child.

We recognize we all carry a serious and difficult responsibility to assure that correct diagnosis of sexual abuse are made, and if there is sexual abuse, the perpetrator is correctly identified. However, the trial court did not identify a perpetrator.

Furthermore, as the trial court found, the father is not going to admit the abuse. While we recognize and respect the school of thought advanced by the department that a sexual abuser can only be helped if he or she admits the abuse, we also recognize it is not necessarily the province of a proceeding such as this to require an ad-

mission. First, if the father did not abuse the child, requiring the father to make an admission would be asking the father to lie and possibly commit perjury. Secondly, the father has constitutional rights against self-incrimination. We also note the two trial judges closely associated with the matter have not found the father was the perpetrator. The attorney for the child argues she should be returned to her father's custody.

■ We find it is no longer reasonable for the department to require the father to admit he abused the child in order to offer services. Efforts to reunite the family need not be contingent on an admission of abuse by the father. The inability to resolve this family's problems has not been in the best interest of the child. The child has now been in foster care for two years. She has been in at least three different foster homes. Visitation with her two parents who both continue to exhibit concern for her and with whom she is substantially bonded has been seriously curtailed.

We remand to the trial court to direct the agency to show what reasonable efforts, without requiring the father to admit the abuse, are necessary to allow the child to be returned to the custody of a parent or parents, or to show why reasonable efforts cannot be offered.

Costs on appeal are taxed one-third to the State, one-third to appellant mother, and one-third to appellee father.

MODIFIED AND REMANDED WITH DIRECTIONS.

HABHAB, J., concurs.

SCHLEGEL, P.J., concurs in part and dissents in part.

SCHLEGEL, Presiding Judge concurring in part and dissenting in part.

I concur with the majority opinion that services to this family need not await admission by the father that he was the perpetrator of the sexual abuse on this little girl. To require such an admission is unrealistic and may very well be an admission that is untrue. To deny services to the family, or the chance for the child to be

reunited with her parent unless such an admission—true or not—is made, is an invitation for continuation of foster care and ultimately the termination of the parent-child relationship. The sounds of the claim that the parents have been unwilling to avail themselves of the services that are available are so familiar that one only need tune in the future sounds to hear them applied to this case.

Of course, it is necessary to protect children from sexual abuse by anyone, be it a parent or a stranger. It may be that the course of this case in the future will convince the court that placement in the home of either parent is too high a risk of such abuse. At the moment, however, it is not a proven postulate, and the attorney for the child believes it to be in the child's best interest that she be returned to the home of her father.

I dissent only with respect to the majority's purpose for remanding to the district court. The majority only directs the court to order the agency to find ways to convince the district court that the return of the child should be forestalled. I would require that the child be continued as a child in need of assistance and would direct the court to order the child returned to her father's home, with supervision provided by the department of human services, to the end that the needed adjustments, if any, to the father's home and the mother's visitation be made.