# IN THE COURT OF APPEALS OF IOWA

No. 18-0775
Filed August 15, 2018

IN THE INTEREST OF M.G.,
Minor Child,

M.G., Father
        Appellant,

C.B., Mother,
        Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

A mother and father each appeal the juvenile court's decision terminating their parental rights. **AFFIRMED ON BOTH APPEALS.**

Jill A. Cirivello, Davenport, for appellant father.

Victoria D. Noel of The Noel Law Firm, PC, Clinton, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Matthew A. Quinn of Law Office of Matthew Quinn, Davenport, guardian ad litem for minor child.

Considered by Potterfield, P.J., McDonald, J., and Scott, S.J.*  Tabor, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**SCOTT, Senior Judge.**

A mother and father each appeal the juvenile court's decision terminating their parental rights. We find there is sufficient evidence in the record to support termination of the parental rights of the mother and father. The court properly denied the mother's request for additional time to work toward reunification. The State engaged in reasonable efforts to reunite the father and the child. On our de novo review, we give weight to the juvenile court's credibility determinations. The court properly determined termination of the parents' rights was in the child's best interests. We affirm the decision of the juvenile court.

I.      **Background Facts & Proceedings**

C.B., mother, and M.G., father, are the parents of M.G, born in 2016. Both parents have a history of substance abuse. Also, there were incidents of domestic violence in their relationship. The child tested positive for methamphetamine at the time of her birth.

The State filed a petition alleging the child was in need of assistance (CINA) on January 10, 2017. The matter was continued because the mother voluntarily agreed to comply with services. The father indicated he was not interested in participating in services until a paternity test was conducted.

On July 23, 2017, the mother tested positive for methamphetamine. The child was removed from the mother's care the next day.[1] A CINA adjudication was made based on Iowa Code section 232.2(6)(b), (c)(1), (c)(2), (n), and (o) (2017).

---

[1] The mother has two older children with a different father. These two children live with their paternal grandmother. The child in this case was placed in the home with her half-siblings.

The mother again tested positive for methamphetamine on September 27, 2017. She attended an inpatient substance-abuse treatment program but was unsuccessfully discharged when drugs and drug paraphernalia were found in her room. She did not attend any parenting classes and was inconsistent in attending visitation with the child.

A paternity test in August 2017 confirmed M.G. was the father of the child. He began to participate in services and visitation with the child but shortly thereafter, in November 2017, was arrested for third-offense domestic abuse assault in Illinois. He pled guilty and was sentenced to jail. The father was inconsistent in his participation in services prior to his incarceration.

The State filed a petition to terminate the parents' rights on January 24, 2018. During the termination hearing, the mother stated the child could not be returned to her care at that time. At the time of the termination hearing, the father had just been released from jail and was on probation in Illinois. When asked if the child could be returned to his care, he stated, "Maybe not today I would not be able to." The juvenile court terminated the parents' rights under section 232.116(1)(d), (h), and (i) (2018). The court found termination was in the child's best interests. The parents each appeal the court's decision.

## II.  Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*,

653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III. Mother

**A.** The mother claims there is not sufficient evidence in the record to support termination of her parental rights. "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We will focus on section 232.116(1)(h).

A parent's rights may be terminated under section 232.116(1)(h) when the child (1) is three years of age or younger, (2) has been adjudicated CINA, (3) has been removed from the parents' care for at least six months of the last twelve months, and (4) cannot be safely returned to the parents' care at the time of the termination hearing. The mother disputes the fourth element. During the termination hearing, however, the mother testified the child could not be returned to her care at that time. In addition, the mother had not yet addressed her problems with substance abuse. We determine the juvenile court properly found the mother's parental rights could be terminated under section 232.116(1)(h).

**B.** The mother claims the juvenile court should have given her an additional period of time to work toward reunification with the child. On this issue, the juvenile court found, "Neither parent is in a position to have this child returned to them at this time, and the Court cannot find that additional time is going to change that situation, as the parents have continually been offered services since

the fall of 2016 and have accomplished nothing." We agree with the court's assessment of the situation.

### IV. Father

**A.** The father claims there is insufficient evidence in the record to support the termination of his parental rights. In the case of the father, we will also focus on section 232.116(1)(h).

The father first disputes the CINA adjudication, stating there was not a sufficient basis for the adjudication. The father did not appeal the CINA dispositional order, which was a final order, and therefore, he has waived any challenge to the CINA adjudication. *See In J.D.B.*, 584 N.W.2d 577, 581 (Iowa Ct. App. 1998) (finding a parent could not challenge deficiencies in the CINA proceedings in a termination case when there had been no appeal of the CINA proceedings); *In re A.W.*, 464 N.W.2d 475, 477 (Iowa Ct. App. 1990) (stating when the CINA dispositional order is entered, a CINA adjudication order becomes final for purposes of appeal).

The father also asserts the child was removed from the mother's care, not his care, and states the third element of section 232.116(1)(h), removal for at least the last six consecutive months, has not been satisfied in his case. The term "remove" "involves a dynamic change of circumstance, not stasis." *In re C.F.-H.*, 889 N.W.2d 201, 206 (Iowa 2016). However, "[p]hysical removal from the mother is sufficient to start the statutory timelines counting toward termination as to either parent." *In re J.E.*, 907 N.W.2d 544, 547 (Iowa Ct. App. 2017). We find there is sufficient evidence in the record to show the child was removed from the father's care for the requisite statutory period.

Additionally, the father stated the child could not be returned to his care at the time of the termination hearing, testifying, "Maybe not today I would not be able to." We conclude the juvenile court properly terminated the father's parental rights under section 232.116(1)(h).

B. The father claims the State did not engage in reasonable efforts to reunite him with his child. "While the State has an obligation to provide reasonable services to preserve the family unit, it is the parent's responsibility 'to demand other, different, or additional services *prior* to the termination hearing.'" *In re T.S.*, 868 N.W.2d 425, 442 (Iowa Ct. App. 2015) (emphasis added) (quoting *In re S.R.*, 600 N.W.2d 63, 65 (Iowa Ct.App.1999)). Where a parent "fails to request other services at the proper time, the parent waives the issue and may not later challenge it at the termination proceeding." *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002). The father did not challenge the reasonable efforts of the State prior to the termination hearing and we conclude he has waived the issue.

C. The father asserts the juvenile court should not have relied on the recommendation of the guardian ad litem (GAL) because the GAL had only one brief contact with him. While we are not bound by the juvenile court's factual findings, we give them weight, especially when considering the credibility of witnesses. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). The juvenile court "has had the unique opportunity to hear and observe the witnesses firsthand." *In re C.M.*, 526 N.W.2d 562, 565 (Iowa Ct. App. 1994). The juvenile court observed and listened to the witnesses and determined the weight to be given to the evidence provided by the GAL, as well as other witnesses in the case. On our de novo review, we give weight to the juvenile court's credibility determinations.

**D.**     The father asserts termination of his parental rights was not in the child's best interests.  "Even after we have determined that statutory grounds for termination exist, we must still determine whether termination is in the children's best interests."  *A.B.*, 815 N.W.2d at 776.  We "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."  Iowa Code § 232.116(2); *see also In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010).

We conclude termination of the father's parental rights is in the child's best interests.  The juvenile court stated, "With regard to the father, the father has never participated in this case other than to do the two evaluations and have no follow-up."  The father had a substance-abuse and psychological evaluation but did not engage in recommended treatment.  The court also noted the father's long history of alcoholism and domestic violence and found he did not have "a credible support system for sobriety."  The court concluded, "The child's age demands permanency, and permanency demands termination."  We agree with the court's conclusion.

We affirm the decision of the juvenile court.

**AFFIRMED ON BOTH APPEALS.**