# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-2186
Filed March 11, 2026

———————————

**In the Interest of G.R., Minor Child,**

**D.R., Father,**
Appellant.

———————————

Appeal from the Iowa District Court for Cerro Gordo County,
The Honorable Adam D. Sauer, Judge.

———————————

**AFFIRMED**

———————————

Sabrina M. Dow, Mason City, attorney for appellant father.

Brenna Bird, Attorney General, and Michelle R. Becker, Assistant Attorney
General, attorneys for appellee State.

Cameron Sprecher, Mason City, attorney and guardian ad litem for
minor child.

———————————

Considered without oral argument
by Tabor, C.J., and Badding and Langholz, JJ.
Opinion by Langholz, J.

**LANGHOLZ, Judge.**

Days after his birth in January 2025, a baby was removed from his parents' custody because he and his mother tested positive for methamphetamine.[1] The father—who had lost his parental rights to another child just the year before and had a history of substance-use concerns—was released from jail for the birth and awaiting placement at a community-based corrections residential facility.

The child was adjudicated in need of assistance in March. At disposition, the juvenile court found the family's safety concerns had not resolved and the child remained adjudicated. And throughout the proceedings, the child has been in the care of a foster family who had already adopted two of his biological siblings.

The father participated in a total of five visits with the son in March and April. But he was incarcerated in the county jail for the next three months and stopped cooperating with the Iowa Department of Health and Human Services ("HHS") and other service providers even when they tried to meet with him at the jail. After the father was released from jail, HHS lost contact entirely without an address or working phone number to reach him.

With little prospect for reunification, the State petitioned to terminate the father's parental rights in mid-July. The father finally reached out expressing interest in starting visits with the son again in late August. And by the November 2025 termination hearing, the father had made some progress, including maintaining employment and participating in increased supervised

---

[1] We avoid using the parties' names to respect their privacy because this opinion— unlike the juvenile court's order—is public. *Compare* Iowa Code § 232.147(2) (2025), *with id.* §§ 602.4301(2), 602.5110; *see also* Iowa Ct. R. 21.25.

visits with the son. But he was still placed at the residential facility with no certain discharge date and, as he admitted, no immediate ability to care for the son. The juvenile court found that the State established grounds for termination under Iowa Code section 232.116(1)(h) (2025), that termination was in the son's best interest, and that none of the statutory exceptions applied. So the court terminated the father's parental rights.[2]

The father now appeals the juvenile court's order terminating his parental rights. He argues that the court should have dismissed the child-in-need-of-assistance case and that HHS failed to provide reasonable efforts toward reunification when he was incarcerated. But we cannot consider the merits of either argument in this appeal.

We cannot consider the father's challenge to the child-in-need-of-assistance case because that was a separate case from this termination case. *See* Iowa Code §§ 232.87, 232.111. The father did not challenge that adjudication by filing a timely appeal of the dispositional order in that case. *See In re A.W.*, 464 N.W.2d 475, 477 (Iowa Ct. App. 1990) (noting that "adjudication order standing alone was not a final appealable order" but "became final" "when the dispositional order was entered"). He cannot belatedly raise that challenge now in this appeal from the separate termination case. *See In re J.D.B.*, 584 N.W.2d 577, 581 (Iowa Ct. App. 1998).

The father's challenge to HHS's reasonable efforts toward reunification while he was incarcerated is also too late. "In general, if a parent fails to request other services at the proper time, the parent waives the issue and may not later challenge it at the termination proceeding." *In re C.H.*,

---

[2] The mother's parental rights were separately terminated a month before the father's termination hearing. She did not appeal.

652 N.W.2d 144, 148 (Iowa 2002). But the father failed to object to the adequacy of HHS's efforts before the termination hearing at a time when additional services could have been considered. So we cannot consider this request.

Because the father raises no other challenge to the juvenile court's order terminating his parental rights, we affirm.

**AFFIRMED.**