**In the Interest of M.A.F., Minor Child, F.F., Sr., Father, Appellant.**

No. 03–0846.

Court of Appeals of Iowa.

Feb. 11, 2004.

Thomas Lenihan, West Des Moines, for appellant-father.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, Wayne Reisetter, County Attorney, and Sean Wieser, Assistant County Attorney, for appellee.

Misheal Waller–Little, Bouton, for mother.

Victoria Meade, Des Moines, guardian ad litem for minor child.

Considered by HUITINK, P.J., and VOGEL and MAHAN, JJ.

MAHAN, J.

### I. Background Facts and Proceedings

Mary Ann, born in July 2002, was removed from the care of her mother, Jeanifer, shortly after her birth due to the fact Jeanifer's parental rights to her five older children had recently been terminated. At the time of the removal, Mary Ann's paternity was unknown. Later testing showed Fidel was Mary Ann's father. The parties

stipulated that Mary Ann should be adjudicated to be a child in need of assistance (CINA) pursuant to Iowa Code sections 232.2(6)(b) and (c)(2) (Supp.2001).

The juvenile court entered a dispositional order on December 16, 2002, continuing Mary Ann in foster care. The court found Fidel needed more parental training and a better living arrangement before he could care for Mary Ann. On March 6, 2003, the juvenile court ordered "that all previous Orders of the Court shall remain in effect."

On April 14, 2003, Fidel filed a motion to vacate the dispositional order, under section 232.103 (2003). He claimed the dispositional order failed to meet the statutory requirements of section 232.102(5). He also claimed the State did not present sufficient evidence to show Mary Ann could not be placed in his care. The juvenile court denied the motion, finding the dispositional order was sufficient, when the record was viewed as a whole. Fidel appeals.

## II.  Standard of Review

■■■ Our scope of review in juvenile court proceedings is de novo. *In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001). We review both the facts and the law, and adjudicate rights anew. *Id.* Although we give weight to the juvenile court's factual findings, we are not bound by them. *Id.* Our primary concern is the best interests of the child. *In re E.H.*, 578 N.W.2d 243, 248 (Iowa 1998).

## III.  Motion to Dismiss

■■■ The State filed a motion to dismiss, claiming Fidel's appeal was untimely. The State asserts that in order to challenge the provisions of the dispositional order, Fidel needed to appeal the dispositional order, filed on December 16, 2002, or the review order, filed on March 6, 2003. Generally,

an appeal must be taken within thirty days of the order being appealed.[1] *See* Iowa R.App. P. 6.5(1). Fidel's appeal was filed on May 29, 2003. The Iowa Supreme Court has ordered that this issue should be submitted with the appeal.

Fidel's motion to vacate was filed pursuant to section 232.103(1), which provides:

At any time prior to expiration of a dispositional order and upon the motion of an authorized party or upon its own motion as provided in this section, the court may terminate the order and discharge the child, modify the order, or vacate the order and make a new order.

As a parent, Fidel was authorized to file a motion to vacate the dispositional order. *See* Iowa Code § 232.103(2)(b).

Because a motion to vacate may be filed, "[a]t any time prior to expiration of a dispositional order . . ." and because Fidel appealed the juvenile court's ruling on his motion to vacate within thirty days, we conclude Fidel's appeal in this case is not untimely. We deny the State's motion to dismiss.

## IV.  Motion to Vacate

■■ A separate issue is whether Fidel has raised valid grounds to vacate the dispositional order. He claims the dispositional order failed to meet the statutory requirements of section 232.102(5) and that the State did not present sufficient evidence to show Mary Ann could not be placed in his care.

We note Fidel did not directly challenge the dispositional order at the time it was entered. The dispositional order was a final, appealable order. *See In re W.D.*, 562 N.W.2d 183, 185 (Iowa 1997) (citing *In re Long*, 313 N.W.2d 473, 476 (Iowa 1981)). In considering a similar issue, we previously held:

1. We note that effective July 1, 2003, appeals from final orders in CINA proceedings must

be made within fifteen days. Iowa R.App. P. 6.5(2).

No appeal was taken from the entry of this dispositional order. Therefore, the issue had been litigated. The review hearing from which this appeal was taken is not a hearing to readjudicate the original grounds for finding the child was a child in need of assistance; rather it is a hearing to consider changed circumstances which may warrant returning the child to his or her parent.

*In re A.W.,* 464 N.W.2d 475, 477 (Iowa Ct.App.1990) (citing *In re Welcher,* 243 N.W.2d 841, 844 (Iowa 1976)); *see also In re D.S.,* 563 N.W.2d 12, 14 (Iowa Ct.App. 1997) (noting a party seeking modification of a dispositional order must show a material and substantial change in circumstances).

We determine Fidel's motion to vacate improperly attempted to collaterally attack the findings and conclusions of the dispositional order. *Cf. In re J.F.,* 386 N.W.2d 149, 152 (Iowa Ct.App.1986) (finding a motion to vacate a dispositional order would be proper where the father had not received notice of the CINA proceedings). The juvenile court correctly denied Fidel's request to revisit the issues addressed in the dispositional order.

Fidel has raised several additional issues in his appeal, which were not raised before the juvenile court. We do not address these issues on appeal. Under our rules of civil procedure, an issue which is not raised before the juvenile court may not be raised for the first time on appeal. *In re N.W.E.,* 564 N.W.2d 451, 455 (Iowa Ct.App.1997).

We affirm the decision of the juvenile court.

**AFFIRMED.**