# IN THE COURT OF APPEALS OF IOWA

No. 21-0037
Filed July 21, 2021

**IN THE INTEREST OF A.G.,**
**Minor Child,**

**K.F., Mother,**
     Appellant,

**S.G., Father,**
     Appellant.
_____

Appeal from the Iowa District Court for Ida County, Mary L. Timko, Associate Juvenile Judge.

A mother and father each appeal the juvenile court order terminating their parental rights. **AFFIRMED ON BOTH APPEALS.**

Lori J. Kolpin of Kolpin Law Firm, P.C., Aurelia, for appellant mother.

Lisa K. Mazurek of Miller Miller Miller P.C., Cherokee, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Lesley Rynell, Sioux City, attorney and guardian ad litem for minor child.

Maxine Buckmeier, Sioux City, attorney for intervenors.

Considered by Vaitheswaran, P.J., Doyle, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**DANILSON, Senior Judge.**

A mother and father each appeal the juvenile court order terminating their parental rights. Regarding the issues raised by the mother: (1) she did not timely raise the issue of reasonable efforts; (2) there is clear and convincing evidence in the record to support termination of her parental rights; (3) a six-month extension of time is not warranted; and (4) the evidence does not show that the parent-child relationship is so close that it would be appropriate to deny termination. For the father: (1) termination of his parental rights is supported by clear and convincing evidence and (2) the juvenile court properly denied his request for additional time to work on reunification. We affirm the termination of parental rights for both parents.

## I.     Background Facts & Proceedings

K.F., mother, and S.G., father, are the parents of A.G., born in 2019. The child was born premature and remained in the hospital for about ten weeks. Before the child was released from the hospital, hospital staff contacted the Iowa Department of Human Services (DHS) because the parents had not been sufficiently involved to learn how to provide proper care for the child. Shortly thereafter, DHS became concerned the parents were using illegal drugs. In September 2019, the mother tested positive for methamphetamine. The child was removed from the parents' care on October 18 and placed in foster care. The father was arrested on drug charges in November.

On December 4, the child was adjudicated to be in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(b), (c), and (n) (2019). The mother began mental-health therapy for past trauma. She also participated in visitation

with the child. She entered a substance-abuse treatment program. She was successfully discharged in February 2020.

Following this, however, the mother did not participate in drug testing. Text messages from the parents showed they continued to use illegal drugs. In May, the mother was inconsistent in attending visitation with the child. Additionally, the parents continued their relationship, although the mother acknowledged it was not a healthy relationship. While incarcerated, the father made many demands upon the mother for money, and the juvenile court described their relationship as "controlling" and "toxic." To her credit, the mother started a new substance-abuse treatment program, but unfortunately, she was discharged for nonattendance.

The State filed a petition for termination of parental rights on June 24. The mother then started a new substance-abuse treatment program. In August, she tested positive for methamphetamine. The father was sent to jail in July. He was subsequently released and entered a residential treatment program. He never responded to DHS's efforts to contact him while he was incarcerated and claimed he never received their faxed communications. When he was released, he failed to contact DHS.

On December 28, the juvenile court filed an order terminating the parents' rights. The mother's rights were terminated under section 232.116(1)(e), (h), and (*l*) (2020). The father's rights were terminated under section 232.116(1)(b), (e), and (h). The court concluded the State had made reasonable efforts to work toward reunification. The court found termination was in the child's best interests. The court denied the parents' request for an extension of time to work on reunification. The court also determined none of the exceptions to termination

found in section 232.116(3) should be applied. The mother and father each appeal the juvenile court's ruling.

## II.     Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## III.     Mother

1.     The mother claims the State did not make reasonable efforts to reunite the child with the parents. She asserts that she should have been provided with unsupervised visits with the child, progressing to overnight visits and trial home placement. She also asserts that she would have benefitted from Family Treatment Court, but this service was unavailable during the recent pandemic.

"Reasonable efforts to reunite parent and child are required prior to termination of parental rights." *In re M.B.*, 553 N.W.2d 343, 345 (Iowa Ct. App. 1996). "The reasonable efforts concept would broadly include a visitation arrangement designed to facilitate reunification while protecting the child from the harm responsible for the removal." *Id.* A determination of whether services offered are reasonable depends upon the circumstances of the case. *In re S.J.*, 620 N.W.2d 522, 525 (Iowa 2000).

It is a "parent's responsibility to demand services if they are not offered prior to the termination hearing." *In re H.L.B.R.*, 567 N.W.2d 675, 679 (Iowa Ct. App. 1997). "Where a parent 'fails to request other services at the proper time, the parent waives the issue and may not later challenge it at the termination proceeding.'" *In re T.S.*, 868 N.W.2d 425, 442 (Iowa Ct. App. 2015) (quoting *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002)).

The mother did not raise her claims to the court regarding reasonable efforts and seeking different servicesprior to the termination hearing. The mother's statements that are reflected in DHS notes or case plans do not constitute a request to the court. We conclude the mother has waived this issue and do not consider it further.[1] *See id.*

**2.** The mother contends there is not sufficient evidence in the record to support termination of her parental rights. "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *Id.* at 434. "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *Id.* at 435. We will address the termination of the mother's parental rights under section 232.116(1)(h).[2]

---

[1] Even if the issue had been preserved, we note the mother was not always consistent in attending the visitation she was offered. The State made efforts that were reasonable under the circumstances of the case to reunite the mother and the child. *See S.J.*, 620 N.W.2d at 525.

[2] Section 232.116(1)(h) authorizes termination when the court finds:
      (1) The child is three years of age or younger.
      (2) The child has been adjudicated a [CINA] pursuant to section 232.96.
      (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months,

The mother disputes only the fourth element of section 232.116(1)(h)—whether the child can safely be returned to the parent's care. The mother claims the child could have been returned to her care at the time of the termination hearing. She states that she has been maintaining sobriety and was engaged in therapy. She points out that she has a job and is living with her mother.

The juvenile court stated the mother was "just beginning her journey to engage in recovery as opposed to sobriety." The court also noted she had not been honest with service providers about her relationship with the father. The court concluded the child "cannot be returned to either parent at this time or in the reasonable future." We agree with the juvenile court's conclusions. The mother has not been able to demonstrate sobriety over a period of time. She tested positive for methamphetamine after the petition for termination of parental rights was filed and only weeks before the hearing began. Additionally, the mother continued in a relationship with the father, although she told service providers they were no longer a couple. At the termination hearing, the mother was pregnant with the father's child. We affirm the juvenile court's determination that the statutory factors found in section 232.116(1)(h) were met.

**3.** The mother claims the court should have granted her an additional six months to work on reunification with the child. The juvenile court may decide not to terminate parental rights if it finds there is clear and convincing evidence

---

or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

that CINA proceedings should continue and enters an order to extend the time for reunification in accordance with section 232.104(2)(b).  Iowa Code § 232.117(5).  The court may continue the proceedings for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period."  *Id.* § 232.104(2)(b).  The juvenile court found it would not be in the child's best interests to give the mother additional time to work on reunification.

Based on the mother's conduct thus far, it is unlikely she would be able to resume care of the child after six months.  After she was unsuccessfully discharged from a substance-abuse treatment program due to nonattendance, the mother waited until the petition to terminate her parental rights was filed in June 2020 to begin a new substance-abuse treatment program.  Even then, she tested positive for methamphetamine in August 2020.  Additionally, there has been no progress concerning the dysfunctional relationship between the parents.  We conclude the juvenile court properly denied the mother's request for a six-month extension.

**4.**    The mother contends the juvenile court should have decided not to terminate her parental rights because termination would be detrimental to the child, based on the closeness of the parent-child relationship.  *See id.* § 232.116(3)(c).

"The factors weighing against termination in section 232.116(3) are permissive, not mandatory."  *In re A.R.,* 932 N.W.2d 588, 591 (Iowa Ct. App. 2019) (quoting *In re D.S.,* 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011)).  "The court may exercise its discretion in deciding whether to apply the factors in section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the child[]."  *Id.* (citing *In re A.M.,* 843 N.W.2d 100, 113 (Iowa 2014)).

The juvenile court did not address this issue, and we question whether it has been preserved for our review. Issues that were not raised before the juvenile court may not be raised for the first time on appeal. *In re M.A.F.*, 679 N.W.2d 683, 685 (Iowa Ct. App. 2004); *see also In re T.W.*, No. 20-1161, 2020 WL 7022390, at *5 (Iowa Ct. App. Nov. 30, 2020) (finding an issue had not been preserved because it had not been raised before the juvenile court). Even if the issue had been properly raised, we find the evidence does not support a finding that termination of the mother's parental rights would be detrimental to the child. The evidence does not show that the relationship is so close that it would be appropriate to deny termination.

We affirm the juvenile court's decision terminating the mother's parental rights.

**IV.    Father**

**1.**    The father claims termination of his parental rights is not supported by the evidence. As with the mother, we will focus on the termination of the father's parental rights under section 232.116(1)(h). We consider whether the child could be safely returned to the parent's care at the time of the termination hearing. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

At the time of the termination hearing, the father was living at a residential treatment facility. He did not have a permanent residence. The father has not been consistent in addressing his problems with substance abuse. When he was released from incarceration, he did not contact DHS to ask about the child or inform them of his residence. Furthermore, the father had not established a relationship

with the child.  We find the child could not be returned to his care at the time of the terminating hearing.  *See id.*

2.      The father also requests an additional six months to work on reunification with the child.  He testified that he expected to be released from the residential treatment facility soon.  He asked for additional time to establish a residence and to engage in substance-abuse treatment outside the facility.

The court may grant a six-month extension if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period."  Iowa Code § 232.104(2)(b); *see also id.* § 232.117(5).  The juvenile court found it would not be in the child's best interests to grant the father an additional six months to work on reunification.  The court stated, "[T]he behavior of the parents at the last hour does not translate into recovery behavior.  The court is not willing to unnecessarily take from [the child's] future any more than is demanded by statute given the overall state of the record of 'too little too late.'"  We find the record does not show it is likely the child could be returned to the father's care at the end of the six-month period.  We conclude the juvenile court properly denied the father's request for additional time to work on reunification.

We affirm the juvenile court's termination of the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**