# IN THE COURT OF APPEALS OF IOWA

No. 21-0901
Filed October 6, 2021

**IN THE INTEREST OF F.K., G.K., and T.Y.,**
**Minor Children,**

**J.K., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Greene County, Joseph McCarville,

District Associate Judge.

A mother appeals a district court order terminating her parental rights.

**AFFIRMED.**

Ashley Beisch of Johnson Law Office, Ogden, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

Kevin Hobbs, Johnston, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**SCHUMACHER, Judge.**

A mother appeals a district court order terminating her parental rights. We reject the mother's claim that the district court improperly took judicial notice of a timeline submitted by the State. There is sufficient evidence in the record to support termination of the mother's parental rights. Termination is in the children's best interests and none of the permissive exceptions to termination should be applied. We affirm the decision of the district court.

## I.     Background Facts & Proceedings

J.K. is the mother of F.K., born in 2015; G.K., born in 2016;[1] and T.Y., born in 2017. The father of T.Y., T.Y. Jr., lived in the family home. The family came to the attention of the Iowa Department of Human Services (DHS) in October 2018 amid concerns the mother was using methamphetamine. There was also a report of an incident of domestic violence between T.Y. Jr. and the mother, resulting in the mother receiving a black eye. T.Y. Jr. was charged with domestic abuse.

On January 7, 2019, the children were adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2) (2018). The mother successfully completed a substance-abuse treatment program in March 2019. She also met with a therapist for mental-health concerns. However, the mother's progress was short-lived, as the mother did not report for requested drug testing in August, November, or December. On January 11, 2020, the mother was arrested for a driving offense and possession of illegal drugs. The children were

---

[1] The father of F.K. and G.K. is unknown.

removed from the mother's custody on January 14 and placed with an extended family member.

The State received notice from the Cherokee Nation that the children were determined to be Indian Children as defined in the Indian Child Welfare Act (ICWA).  *See* 25 U.S.C. § 1903(4).  The State notified the Cherokee Nation the children were removed from the mother's custody.

Beginning in October 2019, the mother either refused or did not show up for requested drug testing.  The mother struggled to show up on time for visits, provide adequate meals, have appropriate conversations, and interact in a positive way with the children.  Additionally, the mother did not have adequate housing for herself and the children.

On October 19, 2020, the State filed a petition seeking termination of the mother's parental rights.  The mother tested positive for methamphetamine in October and December.  The Cherokee Nation filed a motion to intervene on January 11, 2021.[2]  The termination hearing was held on May 4.  Renee Gann appeared on behalf of the Cherokee Nation as an expert witness.  Gann testified:

> That continued custody of these children with the mother and the father is most likely to result in serious emotional and/or physical damage to these children due to the issues of the substance abuse; inconsistent and unstable housing; um, issues with no income; and, um—yeah, and mental health, the mental health issues not being treated.

Gann also gave the opinion that termination of the mother's parental rights was in the children's best interests.  She stated the children's current placement was appropriate and met the requirements of ICWA.

---

[2] The Cherokee Nation has not appealed the termination ruling.

The district court terminated the mother's rights to F.K. and G.K. under section 232.116(1)(e) and (f) (2020) and T.Y. under section 232.116(1)(e) and (h).[3] The court found beyond a reasonable doubt that continued custody of the children by the mother was likely to result in serious emotional or physical damage to the children. The court determined that termination of the mother's parental rights was in the children's best interests. The mother timely appeals from the decision of the district court.

## II.      Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the children. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## III.      Judicial Notice

During the direct examination of Paige DenAdel, a social worker with DHS, the following exchange occurred:

> Q: You wrote and filed a document entitled [J.K.] case timeline, dated November 28th, 2018, through April 8th, 2021. Is that a document that you authored? A: Yes.
> Q. And was that document filed on April 23rd, 2021? A. Yes.
> Q: Is everything contained in that document true and accurate? A: Yes.

---

[3] The court also terminated the parental rights of any unknown fathers. None of the fathers have appealed.

Prosecutor: Your Honor, I believe that was filed in these case files; so I'm not sure if you have to take judicial notice of that or not; but I would ask that you specifically take notice of that filing.

. . . .

Mother's Attorney: Your Honor, I would object to anything prior to this worker's joining the case.

The Court: Let's see here. Did the information in the timeline—is that information that was provided—that you gained through [DHS]?

DenAdel: Yes.

The Court: So when the case was handed off to you, the professionals in the case prior to your activity—prior to your involvement is what you relied on for the information in the timeline prior to January of 2019?

DenAdel: Yes.

The Court: Okay. I overrule the objection; and I will take judicial notice of the timeline filing filed on April 23rd, 2021, at 8:47 a.m. In both cases, in both—well, the timeline, there's one for [J.K.] and one for [T.Y. Jr.]; and I'll take judicial notice of both of them.

This exchange shows that the mother did not object to the introduction of the timeline as a whole. She objected only to the portion of the timeline that arose before DenAdel started working on the case, stating, "I would object to anything prior to this worker's joining the case."

On appeal, the mother raises an entirely different objection to the one she raised at the termination hearing. She now claims the subject matter of the timeline was not information the court could judicially notice. We conclude the mother did not preserve error on the issue she raises on appeal. *See In re M.A.F.*, 679 N.W.2d 683, 685 (Iowa Ct. App. 2004) ("Under our rules of civil procedure, an issue which is not raised before the juvenile court may not be raised for the first time on appeal.").

To the extent the mother raises the issue of whether the timeline could be admitted through DenAdel, who did not have personal knowledge of incidents occurring before she started working on the case, we conclude the mother has not

shown she was prejudiced by the information in the timeline. *See Good v. State*, No. 20-0722, 2021 WL 610168, at *2 (Iowa Ct. App. Feb. 17, 2021) (finding there was no error in the trial court's ruling on a matter of judicial notice because there was no prejudice). Almost all the information in the timeline was in DHS reports, which were part of the record. *See* Iowa Code § 232.96(6) (providing that DHS reports are admissible in CINA proceedings); *In re E.J.R.*, 400 N.W.2d 531, 533 (Iowa 1987) (finding evidence admissible in CINA proceedings was also admissible in termination proceedings).

We reject the mother's claim that the district court improperly considered the timeline submitted by DHS.

### IV. Sufficiency of the Evidence

**A.** Iowa Code section 232B.6(6)(a) provides:

> Termination of parental rights over an Indian child shall not be ordered in the absence of a determination, supported by evidence beyond a reasonable doubt, including the testimony of qualified expert witnesses, that the continued custody of the child by the child's parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

"This section requires the juvenile court to consider the testimony of a qualified expert witness prior to the termination of the parental rights of the child's parent or Indian custodian."[4] *In re S.M.*, 508 N.W.2d 732, 734 (Iowa Ct. App. 1993). The

---

[4] Section 232B.6(6)(a) is based on 25 U.S.C. § 1912(f). *See In re P.L.*, 778 N.W.2d 33, 34 n.1 (Iowa 2010) (noting 25 U.S.C. § 1912(f) and Iowa Code § 232B.6(6)(a) require the same proof). The portion of the federal statute that prohibits "placement or termination absent 'evidence, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child,'" was declared unconstitutional in *Brackeen v. Haaland*, 994 F.3d 249, 406 (5th Cir. 2021). The court found the statute "require[d] state agencies and officials to bear the cost and burden of adducing expert testimony . . . to terminate parental rights,"

qualified expert witness provides the court with information concerning "the social and cultural aspects of Indian life to diminish the risk of any cultural bias." *In re D.S.*, 806 N.W.2d 458, 470 (Iowa Ct. App. 2011) (citation omitted).

The mother claims the juvenile court improperly found the State proved beyond a reasonable doubt that "the continued custody of the child[ren] by the child[ren]'s parent or Indian custodian is likely to result in serious emotional or physical damage to the child[ren]."[5]  *See* Iowa Code § 232B.6(6)(a).

The mother does not dispute that Gann was a qualified expert witness. Gann testified that returning the children to the mother "is most likely to result in serious emotional and/or physical damage to these children."  She based her opinion on the mother's issues with substance abuse, unstable housing, lack of income, and mental-health problems.  Gann gave the opinion that termination of the mother's parental rights was in the children's best interests.  Gann noted that the children were placed with an extended family member and stated this met the placement preferences of ICWA.

Based on Gann's testimony, we find the State proved beyond a reasonable doubt "that the continued custody of the child by the child's parent or Indian

---

in violation of Article I and the Tenth Amendment, which state that the federal government cannot commandeer state agencies or courts.  *Id.*  In this case we are applying Iowa Code section 232B.6(6)(a), not federal law.

[5] The mother asserts the court should have made more specific factual findings to support its ruling on this issue.  When a court ruling does not adequately address an issue, a party should file a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) to preserve error.  *In re N.W.E.*, 564 N.W.2d 451, 455 (Iowa Ct. App. 1997).  This rule applies to termination hearings.  *Id.* at 456 (citing *In re A.R.*, 316 N.W.2d 887, 889 (Iowa 1982)).  We conclude the issue of the specificity of the district court's factual findings has not been preserved.  *See M.A.F.*, 679 N.W.2d at 685.

custodian is likely to result in serious emotional or physical damage to the child."
*See id.* The evidence showed the mother had not successfully addressed her substance-abuse problems. She did not have adequate housing for the children to be placed in her care. Also, the mother had not addressed her mental-health problems. We determine the provisions of section 232B.6(6)(a) were fulfilled.

**B.** The mother also claims the State did not present sufficient evidence to support termination of her parental rights under section 232.116(1)(e), (f), or (h). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *Id.* at 435. We will focus on the termination of the mother's parental rights under section 232.116(1)(f) for F.K. and G.K. and (h) for T.Y.[6]

---

[6] A parent's rights may be terminated under section 232.116(1)(f) if the court finds:
    (1) The child is four years of age or older.
    (2) The child has been adjudicated a [CINA] pursuant to section 232.96.
    (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
    (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.
Section 232.116(1)(h) provides for termination of parental rights if the court finds:
    (1) The child is three years of age or younger.
    (2) The child has been adjudicated [CINA] pursuant to section 232.96.
    (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months,

The district court found the mother "has transportation problems, housing stability problems, and has tested positive for methamphetamine as recently as March 3, 2021." The court noted the mother's "cooperation throughout this case has been sporadic." We find there is clear and convincing evidence to show the children could not be safely returned to the mother's care. We conclude her parental rights were properly terminated under section 232.116(1)(f) and (h).

## V. Best Interests

The mother claims termination of her parental rights is not in the children's best interests. In considering the best interests of children, we give "primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional needs of the child[ren] under section 232.116(2)." *P.L.*, 778 N.W.2d at 41. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.*

We determine that termination of the mother's parental rights is in the children's best interests. These proceedings started in October 2018. The mother had ample time to address the problems that led to the removal of the children from her care. At the time of the termination hearing, the situation had not

or for the last six consecutive months and any trial period at home has been less than thirty days.

> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

improved. The mother was still struggling with the same problems—substance abuse, housing, and mental health. It is not in the children's best interests to further extend the case. *See In re E.K.*, 568 N.W.2d 829, 831 (Iowa Ct. App. 1997) ("Children simply cannot wait for responsible parenting."). They need permanency and stability, which can be achieved through termination of the mother's parental rights.

## VI. Exceptions

The mother contends the district court should have decided to not terminate her parental rights because the children are in the custody of a relative and termination would be detrimental to the children based on the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3)(a), (c).

"The factors weighing against termination in section 232.116(3) are permissive, not mandatory." *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019) (quoting *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011)). "The court may exercise its discretion in deciding whether to apply the factors in section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the children." *Id.* (citing *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)).

We first note that the district court did not discuss the exceptions in section 232.116(3), and we question whether this issue has been preserved for our review. *See M.A.F.*, 679 N.W.2d at 685 (noting issues may not be raised for the first time on appeal). If the issue was preserved, we would find the exceptions in section 232.116(3) should not be applied in this case. The juvenile proceeding has been pending for over two years with little progress by the mother. The children need

the permanency of termination of parental rights. Given the ages of the children, the lack of evidence that termination would be detrimental to the children, and the limited progress by the mother, we determine that a permissive exception should not be applied.

We affirm the decision of the district court.

**AFFIRMED.**