# IN THE COURT OF APPEALS OF IOWA

No. 22-1167
Filed November 17, 2022

**IN THE INTEREST OF K.A., C.A., and A.A.,**
**Minor Children,**

**S.A., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Winnebago County, Karen Kaufman Salic, District Associate Judge.

　　A mother appeals the removal of children from her custody in child-in-need-of-assistance proceedings. **APPEAL DISMISSED.**

　　Jane M. Wright, Forest City, for appellant mother.

　　Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

　　Carrie Jean Rodriguez, Garner, attorney and guardian ad litem for minor children.

　　Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**SCHUMACHER, Judge.**

A mother appeals the removal of children from her custody in child-in-need-of-assistance proceedings. We dismiss the mother's claims regarding removal of the children because the issue is moot.

### I.     Background Facts & Proceedings

S.A., mother,[1] and E.A., father, are the parents of K.A., born in 2019, C.A., born in 2020, and A.A., born in 2021. On April 19, 2022, the children were removed from the father's custody following an incident of domestic violence, where the mother was the victim. The children remained in the mother's custody. The State filed a petition alleging the children were in need of assistance (CINA).

On May 20, the children were removed from the mother's custody based on concerns about the mother's parenting of the children. There was information the mother locked the children in their bedroom and they had chronic diaper rash. There were also concerns the mother might be planning to flee from Iowa with the children. The children were placed with a paternal aunt.

An adjudication and removal hearing was held on May 27. The mother agreed to CINA adjudication for the children but contested their removal from her custody. The court adjudicated the children under Iowa Code section 232.2(6)(c)(2) and (n) (2022).

At the removal and adjudication hearing, the mother objected to these exhibits: No. 6—a letter from Molly Eichenberger, ARNP; No. 8—the termination

---

[1] The mother has four other children. Two of the children live with their father, and the mother is permitted supervised visitation. Another child was voluntarily placed with a relative. The mother's parental rights to the fourth child were terminated.

order for an older child; No. 9—a photograph of a latching device on the children's bedroom door; No. 10—a photograph of moldy sippy cups; and No. 11—a photograph of diaper rash. The mother objected on the grounds of foundation and authentication. During the hearing, the court ruled the exhibits were admissible because they were provided to a child protective worker for the Iowa Department of Human Services[2] as part of her investigation.

The court ruled that the children should be placed in foster care because "[t]he animosity between Mother and [the paternal aunt] is not conducive to reunification." There were also concerns because the paternal aunt continued to have contact with the father and there was a no-contact order prohibiting the father from having contact with the children. On May 28, the children were placed in foster care.

A dispositional hearing was held on June 24. A representative from the department recommended the children be returned to the mother with continued services. The State asserted, "I am hesitantly in agreement with that recommendation, provided that plenty of services are in place for both mother and the children once they are returned—or if they are returned to her home." The guardian ad litem stated it was not in the children's best interests to be returned at that time. The mother asked to have the children returned to her custody.

In the dispositional order, the court expressed concerns about other adults living in the mother's home and their use of illegal drugs. The court found, "The problems for which the Court became involved have not resolved." The court

---

[2] The department is now known as the Iowa Department of Health and Human Services.

determined the children should remain in foster care. The mother appealed following the entry of the dispositional order. On September 16, following hearing, the children were returned to the mother's custody.

## II. Standard of Review

The juvenile court's decisions in CINA proceedings are reviewed de novo. *In re L.H.*, 904 N.W.2d 145, 149 (Iowa 2017). We are not bound by the factual findings of the juvenile court, but we give weight to those findings. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). The court's "determinations must be based upon clear and convincing evidence." *Id.* at 41. Our primary consideration is the best interests of the children. *In re D.S.*, 563 N.W.2d 12, 14 (Iowa Ct. App. 1997).

## III. Discussion

**A.** The mother agreed to the CINA adjudication for the children. The mother stated, "I'm okay with adjudication." The court found the children should be adjudicated under section 232.2(6)(c)(2) and (n). Because the mother did not contest the adjudication, we do not address the propriety of the CINA adjudication in this appeal. *See In re M.A.F.*, 679 N.W.2d 683, 685 (Iowa Ct. App. 2004) ("Under our rules of civil procedure, an issue which is not raised before the juvenile court may not be raised for the first time on appeal.").

**B.** At the adjudication hearing, the mother challenged the removal of the children from her custody. A similar issue was raised in *In re E.M.*, where a parent asserted that even if the CINA adjudication was affirmed, the evidence did not show that the children should be removed. No. 20-1722, 2021 WL 811135, at *2 (Iowa Ct. App. Mar. 3, 2021). We stated, "However, we cannot go back in time and restore custody based on alleged errors in the initial removal order." *Id.*

"Ordinarily, an appeal is moot if the 'issue becomes nonexistent or academic and, consequently, no longer involves a justiciable controversy.'" *In re B.B.*, 826 N.W.2d 425, 428 (Iowa 2013) (citation omitted). The removal of the children at the time of the adjudication hearing is now moot. *See In re A.M.H.*, 516 N.W.2d 867, 871 (Iowa 1994) (holding that following an adjudication order and dispositional order, any error committed in granting the initial removal order was moot).

On the issue of the initial removal of the children, the mother's complaints about the admission of certain exhibits are also moot. *See In re A.G.*, No. 12-0393, 2012 WL 1454021, at *2 (Iowa Ct. App. Apr. 25, 2012) (finding that arguments regarding the admission of evidence were moot where the underlying issue could not be addressed); *In re E.S.*, No. 06-1146, 2006 WL 2563375, at *3 (Iowa Ct. App. Sept. 7, 2006) (same). Even if we were to find the exhibits were improperly admitted, the removal of the children at the time of the adjudication cannot be undone. *See A.M.H.*, 516 N.W.2d at 871 (finding that any error in granting the removal at the time of the adjudication cannot now be remedied, making the issue moot).

**C.** The mother contends the children should have been returned to her custody at the time of the dispositional ruling on June 24. The State does not respond to this issue, stating that it urged the court to return the children to the mother at the time of the dispositional hearing. *See In re J.L.*, 973 N.W.2d 895, 899 n.1 (Iowa Ct. App. 2022) (noting that as an appellee, the State "cannot challenge the adverse ruling on appeal").

The children were returned to the mother's custody on September 16. Although this information is outside the record on appeal, as the notice of appeal

was filed on July 9, "[w]e may consider matters technically outside the record to establish or counter a claim of mootness." *See In re A.R.*, No. 21-0340, 2021 WL 2453377, at *1 (Iowa Ct. App. June 16, 2021) (citing *In re L.H.*, 480 N.W.2d 43, 45 (Iowa 1992)).

As noted, "an appeal is moot if the 'issue becomes nonexistent or academic and, consequently, no longer involves a justiciable controversy.'" *B.B.*, 826 N.W.2d at 428 (citation omitted). In the case *In re D.B.*, a mother appealed an ex parte removal order, adjudicatory order, and dispositional order, claiming her children should be returned to her custody. No. 11-2116, 2012 WL 666842, at *1 (Iowa Ct. App. Feb. 29, 2012). Following these orders, the children were returned to the mother's custody. *Id.* We found "the district court's denial of [the mother's] request that the children be returned to her care following the adjudicatory order and the . . . dispositional order has been resolved." *Id.* "Therefore, the district court's . . . decision to return the children to [the mother] renders this issue on appeal moot and we accordingly dismiss this claim." *Id.*

We conclude the mother's request to have the children returned to her custody at the time of the dispositional hearing on June 24 is now moot, as the children were returned to her custody on September 16. Whether the children should be returned to her custody is now nonexistent or academic, and so no longer presents a justiciable controversy. *See B.B.*, 826 N.W.2d at 428.

We dismiss the mother's claims regarding removal of the children because the issue is moot.

**APPEAL DISMISSED.**