**IN THE COURT OF APPEALS OF IOWA**

No. 25-1491
Filed December 17, 2025

**IN THE INTEREST OF R.K.,**
**Minor Child,**

**S.K., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Fayette County, Linnea M.N. Nicol,

Judge.


        A father appeals a permanency review order.  **AFFIRMED.**


        Jeffrey E. Clements, Spirit Lake, for appellant father.

        Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney

General, for appellee.

        Kimberly S. Lange (until withdrawal), Waterloo, and Sandra Diane Clasen

Benzschawel, Decorah, attorney and guardian ad litem for minor child.


        Considered without oral argument by Greer, P.J., and Schumacher and

Ahlers, JJ.

**SCHUMACHER, Judge.**

R.K., born in 2016, was in her parents' shared physical care until March 2024, when she was removed from the father's custody after he killed her pet bunny and encouraged her to make false reports of sexual abuse by the mother's boyfriend. The following month, the father consented to the child's adjudication as a child in need of assistance (CINA). The Iowa Department of Health and Human Services initiated a case plan to address the issues leading to removal. By March 2025, the department reported the father had "begun to take steps to get himself the appropriate help that he needs for his mental health" and was on track to reunification. The department recommended a six-month extension, which the court granted.

Over the next few months, the father filed a flurry of pro se motions and notices.[1] A permanency review hearing took place in June 2025. The court addressed and denied many of the father's motions at the outset of the hearing.[2] The court then stated:

> [Y]ou have not appealed the adjudication or the disposition or any of those issues. And in fact, [father], the record is that I have—I have granted every request that you have made regarding services. I have extended permanency at our last hearing, I gave you additional time. I understand that your perception of what has happened here

---

[1] These included a motion to compel, motion to stay all proceedings, motion to correct the record, motion to recuse the presiding judge, motion to enforce disqualification, motion to vacate all orders issued by a disqualified judge, notice of jurisdictional freeze and improper court-appointed special advocate (CASA) filing, motion to strike, motion to disqualify the prosecutor and refer for oversight review, motion to remove fraudulently appointed counsel, notice of pro se election and controlled counsel participation, motion to remove guardian ad litem for misconduct, notice of Americans with Disabilities Act requests, motion of preservation of rights and statement regarding prior counsel, and motion for written ruling.

[2] The court's written order denied all pending motions.

is different than mine. You are on track for reunification. The report that you objected to recommends moving forward with that.

The father requested court-ordered services and funds for mental-health treatment and prescriptions to treat his Autism diagnosis, explaining he did not qualify for Title 19 or insurance through his employment and he was unable to pay for the services out of pocket. The State concurred "the father's mental health has declined since he stopped getting mental-health treatment and medication." The court ordered the department to prioritize the issue "fast" because "prior to this lapse, I was getting really great reports about how everything was going. We were full steam ahead to 50/50, and now we're in this place where we're kind of having trouble, because you're not getting—able to access the services you need because [of] money." In August, the court entered a permanency review order reiterating its findings.

The father appealed from the permanency review order. He challenges the court's April 2024 adjudication of R.K. as a child in need of assistance pursuant to Iowa Code section 232.96A(3)(a) and (b) (2024). Yet the father consented to the child's adjudication under those grounds. "Because the [fa]ther did not contest the adjudication, we do not address the propriety of the CINA adjudication in this appeal." *In re K.A.*, No. 22-1167, 2022 WL 16985688, at *2 (Iowa Ct. App. Nov. 17, 2022) (declining to address the mother's challenge to a CINA adjudication where she stated, "I'm okay with adjudication"); *see also In re M.A.F.*, 679 N.W.2d 683, 685 (Iowa Ct. App. 2004) ("Under our rules of civil procedure, an issue which is not raised before the juvenile court may not be raised for the first time on appeal.").

The father also claims he was "denied fair and impartial court and participants" by the court's denial of his motions. Aside from his bare assertion and a list of the challenged motions, the father offers no accompanying argument or reference to the record to support this claim. We find his claim waived. *See L.N.S. v. S.W.S.*, 854 N.W.2d 699, 703 (Iowa Ct. App. 2013) ("Where a party has failed to present any substantive analysis or argument on an issue, the issue has been waived."). Accordingly, we affirm the permanency review order.

**AFFIRMED.**